Rex, J.
The indictment charges, that by certain false pretenses, which are described with sufficient certainty and negatived therein, the plaintiff in error, “ then and there unlawfully did procure the signature of the said John C. Luthman to one promissory note, of the value and amount of five hundred dollars, with the intent then and there and thereby to cheat and defraud him, the said John C. Luthman, to the amount of the said promissory note, to-wit, the sum of five hundred dollars.”
This statement of the offense, presents the principal question to be determined in this ease, which is: Does the indictment, with reasonable certainty, charge upon the accused .an offense within the statute ?
The section of the statute creating the offense, omitting those portions not applicable to the charge in the indictment, reads as follows: “ That if any person . . . shall, by any false pretense or pretenses, procure the signature of any person or persons to any . . . promissory note as the maker thereof, . . . with intent to cheat and defraud, . . . the maker of said . . . promissory note, . . . he shall, on conviction thereof, if . the amount •of said . . . promissory note . . . shall be equal to or exceed thirty-five dollars, be imprisoned in the penitentiary not more than three years nor less than one year, and pay the costs of prosecution, but if . . . the amount for which the . . . promissory note . . . was given be less than thirty-five dollars, he shall be guilty of a misdemeanor, and shall be fined,” etc.
By comparing the offense as defined in the act, with the charge contained in the indictment, it will be seen that the *388 words, “as the maker thereof,” which are a part of the statutory description of the offense, are not contained in the indictment, and it is claimed that the omission renders the indictment fatally defective, for the reason that it is not an offense, under the statute, to procure the signature of a person to a promissory note, in any other capacity than as-the maker thereof.
The claim, we think, must be conceded. It is a well-settled rule of criminal pleading, that an indictment must aver, with reasonable certainty, ah the material facts which are necessary to be proven, to procure a conviction, and this-rule has not, in our opinion, been changed by the code of criminal procedure.
The capacity in which the signature of a person is procured to a promissory note is, by the statute, made a material ingredient of the offense, and under the rule cited should have been averred in the indictment, either in the precise words of the statute, or by such other description as would have brought the person who signed the note, substantially within its provisions. Arch. Cr. Pl., 3 Amer. ed. 51; Lougee v. The State, 11 Ohio, 282; Poage v. The State, 3 Ohio St. 234.
As the indictment does not, in any manner, aver the ca- ' paeity in which Luthman signed the promissory note, the' question above asked must be answered in the negative.
It is also urged by counsel for plaintiff' in error, that the Court of Common Pleas erred in not setting the verdict aside, because the jury did not, with their verdict of guilty? return the value of the note, in support of which, the construction given to section 167, of the code of criminal procedure, in Armstrong v. The State, 21 Ohio St. 357, is cited.
The question decided in that ease does not arise in this.. In that case the court held that horse-stealing was an offense against the property of another, by larceny, and hence, in a prosecution for that offense, a general verdict of guilty, which did not find the value of the horse stolen, was not sufficient to sustain a judgment rendered upon it.
*389 The section of the code referred to, relates solely to •offenses against the property of another by larceny, embezzlement, and false pretenses, and consequently does not include the offense, for the commission of which the plaintiff in error was intended to be indicted. The same section of ■the statute under which the indictment in this case was found, also makes it an offense to obtain money or other property, from any person, by false pretenses; and punishes the offense in the same manner that the offense of procuring, by like pretenses, the signature of a person to a promissory note as the maker thereof, is punished, making, however, the value of the money or property so obtained, the standard by which the kind and amount of punishment to be inflicted, on conviction, is to be determined, while, under that portion of the section which makes it an offense, by false pretenses, to procure the signature of a person to a promissory note as maker, the amount of the note, and not its ■vahie, determines the grade of the offense, and the punishment to be inflicted upon conviction, and hence, to procure the signature of a person, notoriously insolvent, to a promissory note, as the maker, by false pretenses, would complete the offensej although the note might not be of any value.
In this case the indictment sets out the amount of the note, and under the rule, that a general verdict of guilty, ■covers all the averments constituting the crime charged, the amount of the note was found by the verdict.
Numerous other assignments of error are made and argued as grounds for the reversal of the judgment, but as the ■question first considered disposes of the case, the further •examination and discussion of them is deemed unnecessary.

Judgment reversed.

McIlvaine, O. J., Welch, White, and Gilmore, JJ., concurred.